James P. Keenley (State Bar No. 253106)
Emily A. Bolt (State Bar No. 253109)
Brian H. Kim (State Bar No. 215492)
BOLT KEENLEY KIM LLP
2855 Telegraph Ave., Suite 517
Berkeley, California 94705
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO / OAKLAND DIVISION

| | |
|---|---|
| ELIZABETH KEENLEY, | Case No.: 3:22-cv-388 |
| Plaintiff, | **COMPLAINT (ERISA)** |
| v. | |
| AETNA LIFE INSURANCE COMPANY, | |
| Defendant. | |

## INTRODUCTION

1. This case challenges Defendant Aetna Life Insurance Company's denial of Plaintiff Elizabeth Keenley's claim for benefits under the Leiff Cabraser Heiman & Bernstein LLP Group Health Plan (the "Plan"). Between August 2 and 30, 2022 Plaintiff underwent occupational therapy services through Advocate Aurora Health. Under the terms of the Plan, as set forth in the governing plan instruments, occupational therapy services in excess of $50 are fully covered without application of the Plan's deductible or coinsurance requirements. Defendant, however, applied the deductible and

coinsurance requirements to Ms. Keenley's claim for reasons that remain unelucidated following appeal. This resulted in Ms. Keenley incurring out of pocket health care costs that she should not have incurred.

## JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

3. Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), the ERISA-governed plan at issue was sponsored by Leiff, Cabraser, Heimann & Bernstein LLP, which is headquartered in this District and the Plan is therefore administered in part in this District.

## DIVISIONAL ASSIGNMENT

4. This case should be assigned to the San Francisco / Oakland Division because the Plan is administered within this division.

## PARTIES

5. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan.

6. At all relevant times, Defendant underwrote and administered claims for benefits under the Plan pursuant to a group health insurance policy issued to Plaintiff's employer bearing Policy Number GP-116006 for purposes of providing health insurance to Plan participants, including Plaintiff.

7. At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by Plaintiff's employer, Leiff, Cabraser, Heimann & Bernstein LLP. The Plan is not a named party to this action because, at all relevant times, Defendant administered claims for benefits under the Plan and funded the benefits provided by the Plan.

Defendant also and rendered the adverse benefit determination in Plaintiff's case and the adverse determination on Plaintiff's appeal.

**FACTS**

8. At all relevant times the Plan offered health insurance benefits to employees of Leiff, Cabraser, Heimann & Bernstein LLP, including Plaintiff.

9. Under the terms of the Plan a participant like Plaintiff is eligible to receive full coverage for in-network occupational therapy services in excess of the first $50, without application of the Plan's other deductible or coinsurance requirements.

10. In August 2021, Plaintiff underwent occupational therapy services at Aurora Sports Health – Mayfair, an in-network provider.

11. By a document dated October 1, 2021, Defendant issued an Explanation of Benefits ("EOB") that indicated Defendant had applied Plaintiff's $1,000 deductible and a coinsurance requirement of $123.17.

12. Plaintiff received an invoice from Advocate Arora Health billing her for the $1,123.17 that Defendant did not pay.

13. The EOB form does not contain any actual explanation for how Defendant determined the deductible and coinsurance requirement applied, accordingly on October 6, 2021, Plaintiff called Defendant for further explanation of why Defendant did not comply with the schedule of benefits for occupational therapy services.

14. During the phone call, Plaintiff was informed by Defendant's representative that Defendant had determined that Plaintiff received services "in a hospital" and thus that the "hospital benefit" terms of the schedule of benefits applied.

15. On October 12, 2021, Plaintiff submitted a written appeal to Defendant pursuant to the Plan's claim and appeal procedures. In her appeal, Plaintiff noted that the billing statements submitted by Advocate Aurora Health clearly state that the relevant services were not provided in a hospital, but instead at a physical therapy clinic where Plaintiff received basic occupational therapy services in an

office setting.  Plaintiff further noted that there are no terms in the Plan's schedule of benefits that would determine the amount of coverage based on the building the services were rendered in, instead it is the nature of the services received that determines the scope of coverage.

16. Defendant denied Plaintiff's appeal by letter dated November 30, 2021.  In explaining its determination, Defendant offered the following words:

> Aetna has no say in the services that a doctor performs on their patients.  Aetna is obligated to consider all charges that are submitted to us for services rendered to a member, based on the member's plan.  Aetna has no control over how a provider bills and cannot alter the billing.  Since these services were rendered, the provider submitted them to us for payment.  Therefore we are upholding the initial determination.  Please be aware that even though Aetna is upholding the initial determination, if it is later determined the claim is incorrect in any way, the provider will need to resubmit a corrected claim for reconsideration.

17. It is unclear what any of the above quoted nonsense means.  As explicitly noted in Plaintiff's appeal, the provider here billed for routine occupational services at a sports medicine clinic, Plaintiff provided the billing statements with her appeal.  The provider did not bill for hospital services, nor did Plaintiff receive any hospital services.  Defendant has not produced a single piece of evidence showing otherwise or establishing that the provider incorrectly billed for the services in any way.  Furthermore, there is absolutely no support, in the law or in the Plan terms, supporting Defendant's claim that the provider would have to resubmit the claim for reconsideration if Defendant's determination was incorrect.

18. Following the adverse benefit determination on appeal, Plaintiff paid Advocate Aurora Health the $1123.17 that Defendant refused to properly pay in order to avoid having the bill sent to collections.

19. As a direct and proximate result of Defendant's failure to properly apply the Plan terms and properly administer the Plan, Plaintiff has incurred a direct financial loss of $1073.17.

20. As a direct and proximate result of Defendant's failure to properly apply the Plan terms and properly administer the Plan, Plaintiff has incurred attorney's fees and costs of suit.

**FIRST CLAIM FOR RELIEF**
**[Claim for Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant]**

21. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

22. At all relevant times, under the terms of the Plan as set forth in the governing plan instruments, Plaintiff was entitled to have occupational therapy services covered at the rate specified in the Plan's schedule of benefits, under which Plaintiff was only responsible for the first $50 of in-network occupational therapy services, without further application of the Plan's deductible or coinsurance requirements.

23. By denying Plaintiff's claim for benefits, and by related acts and omissions, Defendant has violated the terms of the Plan and Plaintiff's rights thereunder. Defendant's refusal to pay Plaintiff benefits violates the terms of the Plan, and Defendant's actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion. At all material times herein, Defendant failed and refused to honor the terms of the Plan.

24. As a proximate result of Defendant's actions, Plaintiff has been deprived of benefits to which she was and is entitled and has suffered damages as set forth above.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendant violated the terms of the Plan by denying Plaintiff's claim for benefits;

B. Order that Defendant pay Plaintiff compensation for the damages she incurred as a result of Defendant's failure to comply with the Plan terms, together with prejudgment interest on this amount up through the date that judgment is rendered herein;

C. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

D. Provide such other relief as the Court deems equitable and just.

Dated:  January 20, 2022

Respectfully submitted,

BOLT KEENLEY KIM LLP

By: /s/ *James P. Keenley*
James P. Keenley
Attorneys for Plaintiff